IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TINA PLUMMER<br><br>*Plaintiff,*<br><br>v.<br><br>COLLEYVILLE SILVER RIDGE ASSISTED LIVING, LLC; MDPS PROPERTY MANAGEMENT COMPANY; DURGA PRASAD MEKALA<br><br>*Defendants.* | Civil Action No. _____ |

# COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

Tina Plummer ("Plaintiff") files this Fair Labor Standards Act ("FLSA") lawsuit and in support shows the Court and jury as follows:

## I. INTRODUCTORY STATEMENT

1. Congress passed the FLSA in 1938 in an attempt to eliminate low wages, long hours, and provide American workers with a wage that would support a minimum standard of living. The FLSA seeks to achieve these goals by providing a minimum wage, the prohibition of more than forty (40) hours in a week without the payment of a premium or "overtime," as well as other protections for employees. The FLSA did not prohibit overtime, but rather, by imposing a premium rate for overtime, the FLSA discouraged working hours in excess of forty (40) hours in a week. *See Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572, 577-78 (1942).

2. However, Defendants attempted to circumvent the FLSA by failing to pay Plaintiff at time-and-one-half her regular rate for the hours Plaintiff worked over forty (40) in a single workweek. Instead of paying overtime to Plaintiff at a rate of one-and-one-half times her regular rate, Defendants issued two (2) separate paychecks to Plaintiff for the same pay period – paying Plaintiff straight time for all hours. Defendants would use multiple paychecks from different entities to avoid paying Plaintiff overtime for any hours over forty (40) per week.

## II. PARTIES

3. Plaintiff, Tina Plummer, is an individual, who was employed by Defendants within the three (3) years preceding the filing of this lawsuit.

4. Ms. Plummer's consent is attached as "Exhibit A." All pleas, pleadings, motions, discovery and other matters related in whole or in part to this case should be served on Plaintiff's attorney, Mr. Drew N. Herrmann with Herrmann Law, PLLC, 777 Main St., Suite 600, Fort Worth, Texas 76102.

5. At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

6. Defendant, Colleyville Silver Ridge Assisted Living, LLC ("Silver Ridge") is a Texas Limited Liability Company. Silver Ridge can be served with process by serving its registered agent Business Filings Incorporated, 701 Brazos Street, Suite 720, Austin, Texas 78701, or wherever it may be found. Upon information and belief, Silver Ridge is engaged in operating and managing an assisted living facility

for elderly patients with dementia in Colleyville, Texas. Upon information and belief, Silver Ridge is an employer with respect to Plaintiff.

7. Defendant, MDPS Property Management Company ("MDPS") is a Texas corporation. MDPS can be served with process by serving its registered agent, Mekala Madhari, at 8912 Woodway Drive, Irving, Texas, 75063, or wherever it may be found. MDPS is one of the entities who issued paychecks to Plaintiff even though Plaintiff did not perform any work for this entity. Upon information and belief, MDPS is an employer with respect to Plaintiff.

8. Defendant, Durga Prasad Mekala, is an individual residing in Texas and can be served at his place of business, Colleyville Silver Ridge Assisted Living, LLC, located at 5314 Bransford Road, Colleyville, Texas 76034, or wherever he may be found.

## II. JURISDICTION AND VENUE

9. This Court has jurisdiction over the Fair Labor Standards Act claim because the FLSA arises under federal law. Jurisdiction is conferred upon the Court by sections 16 and 17 of the FLSA, 29 U.S.C. §§ 216, 217, and by 28 U.S.C. §§ 1331 and 1345.

10. This court has jurisdiction over the parties because Defendants are doing business in Texas and employing Texas residents to work at Defendants' Texas business locations.

11. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) insofar as Defendant MDPS, has its principal office in this Judicial District.

### III. FLSA STATUTORY COVERAGE

12. At all times hereinafter mentioned, Silver Ridge, MDPS, and Durga Prasad Mekala (collectively, "Defendants") have acted, directly or indirectly, in the interest of an employer with respect to Plaintiff and Defendants have been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

13. At all material times, Defendants have acted, directly or indirectly, in the interest of an employer with respect to Plaintiff.

14. At all times hereinafter mentioned, Plaintiff was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207. *See Reich v. Circle C. Investments, Inc.*, 998 F.2d 324 (5th Cir. 1993). Specifically, Plaintiff has handled goods that were passing through or affecting interstate commerce, and engaged in activities that affected people and goods that were traveling through interstate commerce.

15. During the relevant period, Defendants have willfully violated and are violating Section 207 of the FLSA, by employing employees, including Plaintiff, in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, and not compensating Plaintiff in accordance with the overtime cited therein.

### IV. FACTUAL ALLEGATIONS RELATING TO FLSA VIOLATIONS

16. Upon information and belief, Defendant Silver Ridge's gross receipts exceeded $500,000 in each calendar year for the years 2012, 2013, 2014, 2015.

17. Upon information and belief, Defendant MDPS' gross receipts exceeded

$500,000 in each calendar year for the years 2012, 2013, 2014, 2015.

18. Defendant Durga Prasad Mekala exerted sufficient control over significant aspects of Plaintiff's employment policies, including determining rate of pay, implementing payment policies, and signing paychecks.

19. Plaintiff was employed by Silver Ridge as a caretaker at its facility in Colleyville, Texas.

20. At no time has Plaintiff ever been an employee of MDPS.

21. Plaintiff regularly worked over forty (40) hours in a single workweek.

22. On multiple occasions, Plaintiff would receive, from Defendants, up to two (2) separate paychecks covering a single two-week pay period.

23. Any hours worked over forty (40) hours in a workweek were paid at straight time.

24. Silver Ridge did not pay Plaintiff time-and-one-half her regular rate of pay for the hours that she worked over forty (40) in a single workweek.

25. Rather, Silver Ridge paid Plaintiff the same hourly rate (i.e. straight time) for all hours worked at their Colleyville facility and any additional hours worked at the same Colleyville facility in a two week pay period (over eighty (80)) were paid at Plaintiff's regular rate of pay by a separate paycheck issued by MDPS. In sum, Defendants paid Plaintiff from two different entities to avoid paying Plaintiff overtime.

26. Defendants failed to aggregate the hours worked by Plaintiff and accordingly Plaintiff's paychecks from Silver Ridge did not accurately reflect the total

number of hours worked for Silver Ridge.

27. At all times relevant, Plaintiff was an employee as that term is defined by the FLSA and relevant case law. *See e.g.* 29 U.S.C §203(e)(1), *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 112 S. Ct. 1344 (1992).

28. Defendants' method of paying Plaintiff in violation of the FLSA was not based on good faith and reasonable belief that its conduct complied with the FLSA.

29. Defendants are employers subject to the provisions of the FLSA and therefore violated the provisions of sections 11(c) and 15(a)(5) of the FLSA in that they failed to make, keep, and preserve adequate and accurate records of employees and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the FLSA and found in 29 C.F.R. Part 516. Specifically, Defendants failed to record overtime hours, i.e., hours worked more than forty hours in a workweek, and failed to record the correct overtime rate of pay for such hours.

30. In addition, Defendants failed to aggregate hours for Plaintiff and accordingly did not accurately reflect the total number of hours worked.

### V. CAUSE OF ACTION: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

31. During the relevant period, Defendants have violated and are violating the provisions of Section 7 of the FLSA, 29 U.S.C. § 207, and 215(a)(2), by employing employees, including Plaintiff, and by compensating Plaintiff at rates less than one-and-a-half times the regular rate for workweeks longer than forty (40) hours. None of the exemptions or defenses provided by the FLSA regulating the duty of employers

to pay employees for all hours worked at the overtime rate are applicable to Defendants or Plaintiff.

32. Defendants' method of paying Plaintiff in violation of the FLSA was not based on good faith and reasonable belief that its conduct complied with the FLSA and thus are liable for an amount of liquidated damages pursuant to Section 216 of the FLSA.

## VI. DAMAGES SOUGHT

33. Plaintiff is entitled to recover compensation for the hours worked for which Plaintiff was not paid at the overtime rate. See 29 U.S.C. § 207.

34. Plaintiff is also entitled to an amount equal to all of the unpaid wages and fees as liquidated damages as Defendants actions were not based upon good faith. See 29 U.S.C. § 216(b).

35. Plaintiff is also entitled to recover attorneys' fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

## VII. JURY DEMAND

36. Plaintiff requests trial by jury.

## VIII. PRAYER

37. WHEREFORE, cause having been shown, Plaintiffs prays for judgment against Defendants jointly and severally as follows:

a. For an Order pursuant to Section 216(b) of the FLSA finding Defendants jointly and severally liable for unpaid back wages due to Plaintiff and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff; and

b. For an Order awarding Plaintiff attorneys' fees; and

c. For an Order awarding Plaintiff the costs of this action; and

d.   For an Order awarding Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law; and

   e.   For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By:/s/ Drew N. Herrmann
    Drew N. Herrmann
    Texas Bar No. 24086523
    drew@herrmannlaw.com
    **HERRMANN LAW, PLLC**
    777 Main St., Suite 600
    Fort Worth, Texas 76102
    (817) 479-9229 – telephone
    (817) 260-0801 – fax
    **ATTORNEY FOR PLAINTIFF**

## Notice of Consent

I hereby consent to become a party plaintiff in the lawsuit brought under the Fair Labor Standards Act to recover unpaid wages from my former employer(s).

_____     _____2/15/17_____
Signature                           Date

_Tina Monique Plummer_
Printed Name